[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION MOTION FOR SUMMARY JUDGMENT (#119.55)(SUPPLEMENT TO MOTION FOR SUMMARY JUDGMENT #118)
The plaintiff, Stella Battaglia, commenced this negligence action against the defendant, Colonial Condominium Association, Inc. (Colonial) on March 5, 1997, by service of process on Jack Scherban, Esq., the defendant's agent for service of process. The plaintiff alleges in the complaint that she was injured after falling on an elevator in a building owned by Colonial, on or about July 29, 1991. The plaintiff states in her complaint that the present action is brought in accordance with General Statutes § 52-592, the accidental failure of suit statute.
The plaintiff originally filed a negligence action (first action) against Colonial and against Montgomery Elevator Company on May 5, 1993. The sheriff's return indicated that service was attempted on April 27, 1993, on Colonial's agent for service of process on record with the Secretary of State, Condominium Management Affiliates. The sheriff's return indicated that service was not made because the defendant's agent could not be found at that address. On August 17, 1994, the plaintiff made a motion for default against Colonial for failure to appear, which was granted on August 24, 1994. Colonial's counsel filed an appearance in April, 1996 and made a motion to dismiss based on the plaintiff's failure to serve. The motion to dismiss was granted on December 11, 1996 (Ryan, J.). The plaintiff's action against Montgomery Elevator Company is currently pending in Stamford Superior Court (docket number 131536),* and the present case has been consolidated with that action.
In the present case, Colonial answered the complaint and raised the statute of limitations, General Statutes § 52-584, as a special defense. Colonial filed a motion for summary judgment on December 12, 1997, on the ground that the plaintiff's action is time barred pursuant to § 52-584. Colonial filed a CT Page 3543 memorandum in support of the motion for summary judgment, and the plaintiff filed a memorandum in opposition. Both sides filed an affidavit of plaintiff's attorney, Mary Badoyannis, copies of the sheriff's return from the first action, and copies of Judge Ryan's 1996 memorandum of decision on Colonial's motion to dismiss. Additionally, Colonial submitted the plaintiff's answers to interrogatories and requests for production, dated August 27, 1997. The affidavits detail the plaintiff's attempts to identify the proper agent for service of process after the sheriff could not locate the agent listed with the Secretary of State. The plaintiff's answers to interrogatories admit that process was not served on Colonial in the first action.
The plaintiff asserts that the present action was commenced pursuant to General Statutes § 52-592. General Statutes §52-592(a) provides in relevant part: "If any action, commenced within the time limited by law, has failed one or more times to be tried on its merits because of insufficient service or return of the writ due to unavoidable accident or the default or neglect of the officer to whom it was committed, or because the action has been dismissed for want of jurisdiction . . . or for any matter of form . . . the plaintiff . . . may commence a new action . . . for the same cause at any time within one year after the determination of the original action . . . ."
Colonial argues that General Statutes § 52-592 is inapplicable here because the plaintiff failed to serve Colonial in the first action and thus, did not "commence" the first action within the applicable two year statute of limitations, General Statutes § 52-584[1], as required by § 52-592. The plaintiff argues that § 52-592 merely requires that the first action have been timely filed, and does not distinguish between insufficient service and attempted but incomplete service, or differentiate between the reasons an action is dismissed for want of jurisdiction. The plaintiff argues that § 52-592 applies because the first action was timely filed and was dismissed for want of jurisdiction, a ground specifically included in the statute. Alternatively, the plaintiff argues that the service in the first action was insufficient due to the neglect of the sheriff in failing to serve the Secretary of State after he was unable to locate the statutory agent for service of process. Additionally, the plaintiff argues that § 52-592
has an equitable foundation and requires the court to consider the interests of justice and whether the defendant would be prejudiced if the action is allowed to proceed. CT Page 3544
General Statutes § 52-592, the accidental failure of suit statute, is a remedial statute. "[I]n a long line of cases, we have held that § 52-592 (a) is remedial in nature and, therefore, warrants a broad construction." Ruddock v. Burrowes,243 Conn. 569, 575 (1998). "Further, [i]t is the policy of the law to bring about a trial on the merits of a dispute whenever possible and to secure for the litigant his day in court. . . . [T]he accidental failure of suit statute, permitting a new action to be commenced after the original action has been defeated for any matter of form . . . was designed to ameliorate the harshness of the common law in order for parties to have their cases resolved, not on the basis of the neglect of the lawyer, but rather on the merits." (Citations omitted; internal quotation marks omitted.) Id., 582-83 (Berdon, J., dissenting).
The plaintiff cites Nelson v. Stop Shop Co., Superior Court, Judicial District of New Haven at New Haven, Docket No. 307467 (May 7, 1992, O'Keefe, J.) (6 CONN. L. RPTR. 410), in support of her position that this action may be maintained pursuant to § 52-592. In Nelson, the court rejected the defendant's argument that because the first action was dismissed for insufficient service, the plaintiff never "commenced" the first action within the meaning of General Statutes § 52-592. The court stated that "as applied to the accidental failure of suit statute, `commenced' means the date when service, even if later, deemed insufficient, is attempted." Nelson v. Stop ShopCo., supra, 6 CONN. L. RPTR. 311. Other courts also have rejected the argument that actions dismissed for insufficient service were never "commenced" for purposes of § 52-592. See Migliore v.Merritt Medical Center, Superior Court, Judicial District of Fairfield at Bridgeport, Docket No. 308957 13 CONN. L. RPTR. 387 (January 26, 1995, Cocco, J.); Eastern Plastics v. New England Oven Furnace Co.,
Superior Court, Judicial District of New Haven at New Haven, Docket No. 375538, 15 CONN. L. RPTR. 343 (October 27, 1995, Zoarski, J.).
In the present case, however, this court finds that insufficient service is distinguishable from no service at all for purposes of § 52-592 despite the statute's remedial nature. Dismissal for insufficient service is a ground expressly provided for in § 52-592. If an action dismissed for insufficient service were considered as not having been "commenced" for purposes of § 52-592, then the specific inclusion of this ground in the statute would be meaningless. Additionally, such an interpretation would severely limit the CT Page 3545 type of cases which could be saved under this statute and would frustrate its purpose of deciding cases on their merits. "In construing a statute, common sense must be used and courts must assume that a reasonable and rational result was intended." (Internal quotation marks omitted.) Nelson v. Stop Shop Co.,supra, 6 CONN. L. RPTR. 411.
Although § 52-592 expressly applies to actions dismissed for want of jurisdiction, this court finds that this does not include actions where service was never made. In order to extend § 52-592 to include an action dismissed for failure to make any service, then the term "commenced" would have to be given a meaning different than its established meaning in Connecticut. In Connecticut, "an action is commenced not when the writ is returned but when it is served on the defendant." Broderick v.Jackman, 167 Conn. 96, 99, 355 A.2d 234 (1974). "This court has long held that an action is brought once the writ, summons and complaint have been served upon a defendant." Rana v. Ritacco,236 Conn. 330, 337, 672 A.2d 946 (1996). "In our jurisdiction, an action is commenced on the date of service upon the defendant."Balboa v. Zaleski, 12 Conn. App. 529, 533, 532 A.2d 973 (1987). "It is not attempted service but actual service that commences an action in Connecticut." Gallop v. Commercial Painting Co.,42 Conn. Sup. 187, 188, 612 A.2d 826, 6 CONN. L. RPTR. 9 (1992) (Blue, J.).
In the present case, the plaintiff never served Colonial in the first action. The court is aware of the remedial nature of § 52-592, but finds that extending it to cases, like the present case, where service was attempted by one method but was never made, despite the availability of other methods of service, extends the statute too far. "The [saving] statute is designed to insure to the diligent suitor the right to a hearing in court till he reaches a judgment on the merits. Its broad and liberal purpose is not to be frittered away by any narrow construction. The important consideration is that by invoking judicial aid, a litigant gives timely notice to his adversary of a present purpose to maintain his rights before the courts." (Emphasis added; internal quotation marks omitted.) Isaac v. Mount SinaiHospital, 210 Conn. 721, 733, 557 A.2d 116 (1989), quoting Gainesv. New York, 215 N.Y. 533, 540, 109 N.E. 594 (1915) (Cardozo, J.).
In the present case, the plaintiff attempted to locate and serve the statutory agent for service pursuant to then § 33-297 (a)[2] (currently § 33-663 (a)). When that CT Page 3546 agent could not be located, the plaintiff did not avail herself of the alternative method of service provided for in then § 33-297 (b)[3] (currently § 33-663 (b)), nor did she attempt or make service pursuant to General Statutes § 52-57 (c) on any of the specified employees of Colonial. See Battaglia v.Montgomery Elevator Co., Superior Court, Judicial District of Stamford-Norwalk at Stamford, Docket No. 131536, 18 CONN. L. RPTR. 322 (December 11, 1996, Ryan, J.) (Memorandum of Decision on Colonial's motion to dismiss in the first action). This court finds that the saving statute, § 52-592, was not intended to apply to cases like the present case. A plaintiff who does not avail herself of available alternative means of service is not a "diligent suitor" and a defendant who is not served within the applicable statute of limitations does not have "timely notice" of his adversary's intention to maintain his rights before the courts.
"Practice Book § 384 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact. Practice Book § 381." (Internal quotation marks omitted.) Ruddock v. Burrowes, supra,243 Conn. 573-74. "A summary judgment is proper where affidavits do not set forth circumstances which would serve to avoid or impede the normal application of the particular limitations period." (Internal quotation marks omitted.) Collum v. Chapin,40 Conn. App. 449, 453, 671 A.2d 1329 (1996).
While the court notes that Colonial did not keep accurate information on file with the Secretary of State regarding their agent for service of process as required by then General Statutes § 33-296[4] (currently § 33-660), the plaintiff did have other options regarding service.
For the foregoing reasons, the court finds that there is no genuine issue of material fact and Colonial is entitled to judgment as a matter of law. General Statutes § 52-592 does CT Page 3547 not apply to this action. Consequently, the plaintiff's action against Colonial is time barred pursuant to General Statutes § 52-584. Colonial's motion for summary judgment is granted.
KARAZIN, J.