## MICHAEL CONTADINI *v.* DAVID L. DEVITO, EXECUTOR (ESTATE OF FRANCES DEVITO) (AC 21331)

Lavery, C. J., and Foti and Dupont, Js.

Argued May 31—officially released August 20, 2002

*Timothy F. Sullivan,* with whom was *Robert P. Hanahan,* for the appellant (plaintiff).

*Cesar A. Noble,* for the appellee (defendant).

DUPONT, J. The sole issue of this appeal is whether the accidental failure of suit statute, General Statutes § 52-592,[1] should have been applied to save the plaintiff's action in negligence and to preclude the granting of the defendant's motion for summary judgment. The trial court held that the applicable two year statute of limitations in General Statutes § 52-584[2] barred the plaintiff's action and that the plaintiff could not avail himself of the accidental failure of suit statute. The court, therefore, rendered a summary judgment in favor of the defendant, David L. DeVito, the executor of the estate of Frances DeVito. We conclude that the plaintiff's action was not time barred and that he is entitled to proceed with his action pursuant to § 52-592. Accordingly, we reverse the judgment of the trial court.

The plaintiff, Michael Contadini, alleged in his complaint that the defendant's decedent, Frances DeVito,

---

[1] General Statutes § 52-592 (a) provides in relevant part: "If any action, commenced within the time limited by law, has failed one or more times to be tried on its merits because of insufficient service or return of the writ due to unavoidable accident or the default or neglect of the officer to whom it was committed, or because the action has been dismissed for want of jurisdiction, or the action has been otherwise avoided or defeated by the death of a party or for any matter of form; or if, in any such action after a verdict for the plaintiff, the judgment has been set aside, or if a judgment of nonsuit has been rendered or a judgment for the plaintiff reversed, the plaintiff, or, if the plaintiff is dead and the action by law survives, his executor or administrator, may commence a new action . . . for the same cause at any time within one year after the determination of the original action or after the reversal of the judgment."

[2] General Statutes § 52-584 provides: "No action to recover damages for injury to the person, or to real or personal property, caused by negligence, or by reckless or wanton misconduct, or by malpractice of a physician, surgeon, dentist, podiatrist, chiropractor, hospital or sanatorium, shall be brought but within two years from the date when the injury is first sustained or discovered or in the exercise of reasonable care should have been discovered, and except that no such action may be brought more than three years from the date of the act or omission complained of, except that a counterclaim may be interposed in any such action any time before the pleadings in such action are finally closed."

was the owner of certain real estate and that on December 18, 1997, the plaintiff was on the premises as an invitee of the defendant's decedent to deliver a prescribed medication to her. The complaint further alleged that the plaintiff slipped and fell due to an accumulation of ice and snow, that the defendant's decedent was negligent in not keeping the premises safe, that the plaintiff was injured as a result of the negligence, and that he suffered monetary and other damages. The complaint, dated April 20, 2000, also alleged that a previous action brought by the plaintiff dated July 29, 1999, and returnable to the Superior Court by August 24, 1999, had alleged the same facts. That prior complaint had named the defendant's decedent and Anthony DeVito[3] as defendants. The court dismissed that prior action on March 20, 2000, because of a lack of subject matter jurisdiction due to the fact that both defendants were dead at the time of the service of the writ.

The defendant's decedent had died on January 17, 1998, and the plaintiff became aware of her death when the defendant's motion to dismiss the original action, on the basis of her death, was filed. The defendant's decedent, therefore, was alive on the date of the plaintiff's alleged injury, but was dead at the time of the abode service of the original writ of summons and complaint. After the plaintiff was made aware of the death, he filed, in the Probate Court for the district of Waterbury, a motion to open the estate of Frances DeVito on March 14, 2000, and requested the appointment of an administrator. The motions were granted and the defendant was reappointed executor of the estate of Frances DeVito.

There are no material facts in dispute, and the only issue is whether, as a matter of law, the plaintiff may

---

[3] Anthony DeVito and Frances DeVito originally owned the premises as joint tenants. Anthony DeVito died on May 13, 1978, and his estate is not involved in this case.

apply § 52-592 to permit the maintenance of his action. Summary judgment should be rendered if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Miller* v. *United Technologies Corp.*, 233 Conn. 732, 745, 660 A.2d 810 (1995). "[O]ur review is plenary and we must decide whether [the trial court's] conclusions are legally and logically correct and find support in the facts that appear in the record. . . . [T]he burden is on the opposing party to demonstrate that the trial court's decision to grant the movant's summary judgment motion was clearly erroneous." (Citation omitted; internal quotation marks omitted.) *Rangel* v. *Parkhurst*, 64 Conn. App. 372, 378, 779 A.2d 1277 (2001).

The defendant argued in the trial court that the plaintiff's failure at the time of the abode service in the original action to ascertain that the defendants named in that action had died constituted conduct that prohibited the use of § 52-592. The plaintiff argued that he reviewed the land records prior to bringing the action to determine the title to the real estate, and that there was no indication that Frances DeVito had died and there was no certificate of devise and descent recorded in the land records. The court held that the first action was void ab initio and consequently was not an action commenced within two years of the date of the injury, and, therefore, that the plaintiff could not rely on § 52-592 (a) to save his cause of action. The question is whether the plaintiff's original action was an "action" within the meaning of § 52-592 (a).

It is well settled that § 52-592 (a) is remedial in nature and warrants a broad construction. *Ruddock* v. *Burrowes*, 243 Conn. 569, 575, 706 A.2d 967 (1998); *Isaac* v. *Mount Sinai Hospital*, 210 Conn. 721, 733, 557 A.2d 116 (1989); see also *Jarvis* v. *Levitsky*, 918 F. Sup. 50, 51 (D. Conn. 1996). We conclude that *Isaac* governs this appeal.

In *Isaac*, the plaintiff's decedent died on April 10, 1979, and a wrongful death action was commenced on March 30, 1981, by the plaintiff as administratrix. *Isaac* v. *Mount Sinai Hospital*, supra, 210 Conn. 723. The complaint alleged that the plaintiff had been appointed administratrix on May 17, 1979. Id. In 1982, the plaintiff discovered that she had not been named administratrix. Id. On September 28, 1982, the plaintiff was appointed administratrix, at which time the statute of limitations for bringing a wrongful death action had passed. Id. The trial court dismissed the action for lack of subject matter jurisdiction because, at the time the action was brought, the plaintiff was not an administratrix and could not bring the action. Id., 724. The Supreme Court held that the accidental failure of suit statute allowed the plaintiff to bring a new action. Id., 723.

The *Isaac* court determined that § 52-592 controlled, rather than the statute of limitations for wrongful death actions, and that the original action was an "action" within the meaning of § 52-592. Id., 729–31. The court relied, in part, on General Statutes § 52-45a, which provides that a civil action is commenced by a writ of summons describing the parties and accompanied by the plaintiff's complaint. *Isaac* v. *Mount Sinai Hospital*, supra, 210 Conn. 729. "[T]he word action means the lawful demand of one's right in a court of justice; and in this sense it may be said to include any proceeding in such a court for the purpose of obtaining such redress as the law provides." (Internal quotation marks omitted.) Id., 730, quoting *Waterbury Blank Book Mfg. Co.* v. *Hurlburt*, 73 Conn. 715, 717, 49 A. 198 (1901).

The original action in the present case, which did not name the representative of the deceased defendant, was as much an "action" for the purposes of § 52-592 as was naming a representative of a deceased plaintiff prior to the appointment of such a representative in

*Isaac.* The individual defendant named in the first action in this case had as close an identity with the executor defendant in the second action as the individual plaintiff had with the administratrix plaintiff in the second action in *Isaac.* That identity of interest allows the same nominal change of parties between the two actions in this case as was allowed in *Isaac.* The allegations of the plaintiff's cause of action in the original action and the second action are identical and, therefore, are the same cause of action for purposes of § 52-592. See *Peabody N.E., Inc.* v. *Dept. of Transportation,* 250 Conn. 105, 118, 735 A.2d 782 (1999).

The relevant portion of § 52-592 (a) provides: "If any action, commenced within the time limited by law, has failed . . . to be tried on its merits . . . because the action has been dismissed for want of jurisdiction, or the action has been otherwise avoided or defeated by the death of a party or for any matter of form . . . the plaintiff . . . may commence a new action . . . for the same cause at any time within one year after the determination of the original action . . . ." On the basis of *Isaac,* we hold that the first action, which was commenced within the statutory time period, legally existed when it was brought, despite the fact that the defendant named in that action had died prior to the commencement of the action. The saving statute has a broad and liberal purpose and ensures the plaintiff the right to a trial of his claim. See *Isaac* v. *Mount Sinai Hospital,* supra, 210 Conn. 733. The plaintiff's second complaint was filed within the one year statute of limitations pursuant to § 52-592.

The judgment is reversed and the case is remanded for further proceedings in accordance with law.

In this opinion the other judges concurred.