## MARION DAVIS *v.* FAMILY DOLLAR STORE
### (AC 23127)

Schaller, Flynn and Mihalakos, Js.

Argued May 1—officially released July 22, 2003

*Christopher J. Molyneaux*, with whom, on the brief, was *Norman J. Voog*, for the appellant (plaintiff).

*Leonard M. Isaac*, with whom, on the brief, were *S. Dave Vatti* and *James P. Brennan*, for the appellee (defendant).

MIHALAKOS, J. The dispositive issue in this case is whether a plaintiff can bring a new action sounding in negligence under our accidental failure of suit statute, General Statutes § 52-592,[1] when the original negligence action was never commenced. We conclude that § 52-592 does not authorize a second suit under the circumstances and that the trial court properly granted the defendant's motion for summary judgment.

The factual and procedural background of this case is not in dispute. The plaintiff, Marion Davis, was allegedly injured when she slipped and fell on the premises of the defendant, Family Dollar Store, on August 9, 1997. She attempted to commence a negligence action by delivering a writ of summons and complaint to a sheriff on August 6, 1999, to be served on the defendant. Service was never made, however, and the writ of summons and complaint were returned to the plaintiff on February 21, 2000. On September 15, 2000, the present action was served pursuant to § 52-592. The applicable statute of limitations period had expired prior to the service of the September 15, 2000 action.[2]

The defendant filed a motion for summary judgment on September 6, 2001, claiming that § 52-592 did not save the action because no service of process had been attempted in the original action and, therefore, the original action was never commenced. The court granted

---

[1] General Statutes § 52-592 (a) provides in relevant part: "If any action, commenced within the time limited by law, has failed . . . to be tried on its merits because of insufficient service or return of the writ due to unavoidable accident or the default or neglect of the officer to whom it was committed . . . the plaintiff . . . may commence a new action . . . for the same cause at any time within one year after the determination of the original action . . . ."

[2] General Statutes § 52-584 provides in relevant part: "No action to recover damages for injury to the person . . . caused by negligence, or by reckless or wanton misconduct . . . shall be brought but within two years from the date when the injury is first sustained or discovered . . . ."

the defendant's motion and held that "[i]n the present case, there [was] no prior action, commenced or otherwise, upon which a determination has been made. On August 6, 1999, a writ [of] summons and complaint were delivered to the sheriff for service upon the defendant. However, process was not served upon the defendant nor returned to the court." The court further held that "[n]o proceeding was commenced prior to the initiation of the instant action. Courts which have considered whether an original action was commenced for purposes of § 52-592 recognize that [there] must be a preceding disposition of a prior action."

The standard of review for deciding a motion for summary judgment is well settled. "Practice Book [§ 17-49] provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Internal quotation marks omitted.) *Billerback* v. *Cerminara*, 72 Conn. App. 302, 305–306, 805 A.2d 757 (2002). "[O]ur review is plenary and we must decide whether [the trial court's] conclusions are legally and logically correct and find support in the facts that appear in the record. . . . [T]he burden is on the opposing party to demonstrate that the trial court's decision to grant the movant's summary judgment motion was clearly erroneous." (Internal quotation marks omitted.) *Con-*

*tadini* v. *DeVito*, 71 Conn. App. 697, 700, 803 A.2d 423, cert. denied, 262 Conn. 918, 812 A.2d 862 (2002). In accordance with that standard, we must determine whether the court's interpretation of § 52-592 was clearly erroneous.

We now turn to the issue raised by the plaintiff in her appeal.[3] The plaintiff argues that § 52-592 saves her action because the original action had, in the words of the statute, "failed . . . to be tried on its merits because of *insufficient service or return of the writ* due to unavoidable accident or the default or neglect *of the officer to whom it was committed* . . . ." (Emphasis added.) General Statutes § 52-592 (a). In other words, the plaintiff asserts that § 52-592 should apply in cases such as the present action in which the plaintiff delivered the complaint in a timely manner to a sheriff and, due to the sheriff's accident, default or negligence, the complaint was not served. We are not persuaded.

Pursuant to *State* v. *Courchesne*, 262 Conn. 537, 816 A.2d 562 (2003) (en banc), "[t]he process of statutory interpretation involves a reasoned search for the intention of the legislature. . . . In other words, we seek to determine, in a reasoned manner, the meaning of the statutory language as applied to the facts of [the] case, including the question of whether the language actually

---

[3] The plaintiff also claims that the defendant's motion for summary judgment was improperly filed given that the defendant did not file an affidavit pursuant to Practice Book §§ 17-45, 17-46 and 17-49. The plaintiff argues that absent a supporting affidavit, the motion is invalid. See *Heyman Associates No. 1* v. *Ins. Co. of Pennsylvania*, 231 Conn. 756, 796, 653 A.2d 122 (1995). We, however, find that this claim is without merit. Practice Book § 17-45 provides in relevant part that "[a] motion for summary judgment shall be supported by such documents *as may be appropriate*, including . . . affidavits . . . ." (Emphasis added.) Section 17-45 does not mandate that an affidavit be attached in all cases. In this case, an affidavit was not necessary because the relevant facts were not being challenged and already were available to the court.

does apply. In seeking to determine that meaning, we look to the words of the statute itself, to the legislative history and circumstances surrounding its enactment, to the legislative policy it was designed to implement, and to its relationship to existing legislation and common law principles governing the same general subject matter. . . . Thus, this process requires us to consider all relevant sources of the meaning of the language at issue, without having to cross any threshold or thresholds of ambiguity." (Citations omitted; internal quotation marks omitted.) Id., 577. "This does not mean, however, that we will not, in a given case, follow what may be regarded as the plain meaning of the language, namely, the meaning that, when the language is considered without reference to any extratextual sources of its meaning, appears to be *the* meaning and that appears to preclude any other likely meaning. In such a case, the more strongly the bare text supports such a meaning, the more persuasive the extratextual sources of meaning will have to be in order to yield a different meaning." (Emphasis in original.) Id., 577–78.

Our courts have interpreted § 52-592 pursuant to the statutory language. We continue to do so because no relevant legislative history exists that has defined, changed or affected our courts' prior interpretations of the statute.[4] The language of § 52-592 requires a plaintiff

---

[4] "Section 52-592 was originally enacted in 1862. In addition to certain other stated grounds, the first version of the statute permitted bringing a new action if 'the writ fails of a sufficient service or return, by any unavoidable accident, or by any default or neglect of the officer to whom it is committed.' The first case to construe the statute viewed it as remedial and applied it liberally. . . . The clauses in the statute which set forth the various grounds for commencing a new action appear in the disjunctive and provide alternate bases for instituting a new suit. By its very terms the statute expressly gives the plaintiff the right to bring another action within a year if the prior action was erased for want of jurisdiction." (Citations omitted.) *Broderick* v. *Jackman*, 167 Conn. 96, 98–99, 355 A.2d 234 (1974); see also Public Acts 1979, No. 79-267; Public Acts 1982, No. 82-160, § 251; Public Acts, Spec. Sess., June, 1983, No. 83-29, § 50.

to have *commenced* an original action before the statute can be applied to save a subsequent action. "When a suit has been started seasonably, the statute extends the Statute of Limitations for a period of one year after the determination of the original action." *Ross Realty Corp.* v. *Surkis*, 163 Conn. 388, 393, 311 A.2d 74 (1972); see *Gallo* v. *G. Fox & Co.*, 148 Conn. 327, 329, 170 A.2d 724 (1961) ("extension of time provided by it applies to all cases where a suit, seasonably begun, has failed for one or more of the causes stated").

Although § 52-592 is remedial in nature, "passed to avoid hardships arising from an unbending enforcement of limitation statutes"; (internal quotation marks omitted) *Isaac* v. *Mount Sinai Hospital*, 210 Conn. 721, 728, 557 A.2d 116 (1989); "it should not be construed so liberally as to render statutes of limitation virtually meaningless." *Pintavalle* v. *Valkanos*, 216 Conn. 412, 417, 581 A.2d 1050 (1990). "[B]y its plain language, [§ 52-592] is designed to prevent a miscarriage of justice if the [plaintiff fails] to get a proper day in court due to the various enumerated procedural problems. . . . It was adopted to avoid hardships arising from an unbending enforcement of limitation statutes. . . . Its purpose is to aid the diligent suitor. . . . Its broad and liberal purpose is not to be frittered away by any narrow construction. The important consideration is that by invoking judicial aid, a litigant gives timely notice to his adversary of a present purpose to maintain his rights before the courts." (Citations omitted; internal quotation marks omitted.) *Henriquez* v. *Allegre*, 68 Conn. App. 238, 243–44, 789 A.2d 1142 (2002).

In this case, the plaintiff did not offer any authority to support the proposition that the delivery of process to a sheriff constituted commencement of an "action" within the meaning of § 52-592. Without the existence of a prior action, the plaintiff cannot invoke the protection of § 52-592. "Section 52-592 requires that the initial

suit be commenced within the time limited by law. . . .
[A]n action is commenced not when the writ is returned
but when it is served upon the defendant."[5] (Citation
omitted; internal quotation marks omitted.) *Broderick*
v. *Jackman*, 167 Conn. 96, 99, 355 A.2d 234 (1974); see
*Rana* v. *Ritacco*, 236 Conn. 330, 337, 672 A.2d 946 (1996)
(our Supreme Court "has long held that an action is
brought once the writ, summons and complaint have
been served upon a defendant"); *Consolidated Motor
Lines, Inc.* v. *M & M Transportation Co.*, 128 Conn.
107, 109, 20 A.2d 621 (1941) ("From a very early date
in this state the time when the action is regarded as
having been brought is the date of service of the writ
upon the defendant. . . . That, in our judgment, is the
sounder rule, because only thus is the defendant put
upon notice of the purpose of the plaintiff to call upon
him to answer to the claim in court." [Citations omit-
ted.]). Because the writ of summons and complaint
were never served on the defendant, the original action
did not commence and, therefore, § 52-592 does not
authorize another action to be filed or to extend any
statute of limitations.

We recognize that there is a split of authority within
the Superior Court with respect to that issue. See, e.g.,
*Alagrin* v. *Vitale*, Superior Court, judicial district of
New Haven, Docket No. 435748 (May 4, 2001) (actual
service, not attempted service, commences action);
*Battaglia* v. *Colonial Condominium Assn., Inc.*, Supe-
rior Court, judicial district of Stamford-Norwalk,
Docket No. 157598 (March 24, 1998) (21 Conn. L. Rptr.
572) (same); see also *Dolan* v. *Germond*, Superior
Court, judicial district of Fairfield, Docket No. 330461

[5] There is a settled rule of statutory interpretation that where the highest
court has interpreted statutory language, such as the date of the commence-
ment of the action, that the legislature is aware of that settled interpretation.
When the legislature reenacts the statute amending other provisions, there
is a presumption that the legislature intended to adopt that settled judicial
interpretation. See *Martin* v. *Plainville*, 240 Conn. 105, 110, 689 A.2d
1125 (1997).

(April 9, 1997) (process in initial action delivered to sheriff in timely manner but not served on defendant within limitations period; § 52-592 did not apply), aff'd, 47 Conn. App. 924, 703 A.2d 1197 (1997); *Estate of Adamec* v. *Hartford East Elderly Apartments Ltd. Partnership*, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 367902 (July 19, 1990) (2 Conn. L. Rptr. 88) (same); but see *Crichton* v. *Noore*, Superior Court, judicial district of Waterbury, Docket No. 159031 (March 23, 2001) (attempted service, not actual service commences action); *Ahnert* v. *Tanguay*, Superior Court, judicial district of Tolland, Docket No. 066599 (May 18, 1998) (22 Conn. L. Rptr. 180) (same).

"[T]he [plaintiff] must satisfy all of the criteria in § 52-592 in order to prevail . . . ." (Citation omitted.) *Vessichio* v. *Hollenbeck*, 18 Conn. App. 515, 519, 558 A.2d 686 (1989). The plaintiff, here, has not fulfilled the requirements of § 52-592. The original action was not commenced, resulting in an unseasonable suit. Although the statute is remedial, the language is clear and unambiguous. Section 52-592 (a) provides in relevant part: "If any action, *commenced* within the time limited by law, has failed . . . the plaintiff . . . may commence a new action . . . ." (Emphasis added.) Without the commencement of an original action, no action exists for the statute to save.

The judgment is affirmed.

In this opinion the other judges concurred.