## ROBERT LANE ET AL. *v.* ANDREW ESPOSITO, ADMINISTRATOR (ESTATE OF JOHN WHYTE)

Superior Court, Judicial District of New Haven

File No. CV-05-5001485S

Memorandum filed January 17, 2007

*Kennedy, Johnson, D'Elia & Gillooly, LLC*, for the plaintiffs.

*Howd & Ludorf*, for the defendant.

THOMPSON, J. Robert Lane, the named plaintiff, together with coplaintiff Robert Lane, doing business as Lane Appliance Service, brings this action against the defendant, Andrew Esposito, administrator of the estate of John Whyte, pursuant to the provisions of General Statutes § 52-592. The defendant has moved for summary judgment based on the statute of limitations.

For the purposes of the motion, the facts are as follows. The present action arises from a motor vehicle accident that occurred on May 28, 2003. On March 15, 2005 the plaintiffs left a summons and complaint at the

office of the commissioner of motor vehicles (commissioner) and, on that date, sent a copy of the same by certified mail to the defendant's address on file with the commissioner. The defendant, unbeknownst to the plaintiffs, had died prior to March 15, 2005.

Realizing that such service was ineffective, the plaintiffs never returned the original suit to court but, rather, elected to bring the present action pursuant to § 52-592. Since the action was not commenced until November 15, 2005, it is the defendant's claim that § 52-592 does not apply under the aforementioned circumstances and, thus, the present action is barred by the statute of limitations.

Section 52-592 (a) provides: "If any action, commenced within the time limited by law, has failed . . . to be tried on its merits because of insufficient service or return of the writ due to unavoidable accident . . . or because the action has been dismissed for want of jurisdiction, or the action has been otherwise avoided or defeated by the death of a party or for any matter of form . . . the plaintiff . . . may commence a new action . . . for the same cause at any time within one year after the determination of the original action . . . ."

Section 52-592 (a) is remedial in nature and warrants a broad construction. *Ruddock* v. *Burrowes*, 243 Conn. 569, 575, 706 A.2d 967 (1998).

The defendant, citing *Davis* v. *Family Dollar Store*, 78 Conn. App. 235, 826 A.2d 262 (2003), argues that the plaintiffs' original action was never "commenced within the time limited by law" and, thus, § 52-592 (a) is inapplicable. The court disagrees.

In *Davis*, a summons and complaint were delivered by the plaintiff to a sheriff but no service was made or

attempted to be made. In the court's view, *Davis* and the present case are indistinguishable. An action is commenced when the summons and complaint are served on the defendant. *Broderick* v. *Jackman*, 167 Conn. 96, 99, 355 A.2d 234 (1974). Here, there was service on the commissioner. The action, therefore, was "commenced within the time limited by law" but failed to be tried on its merits "because of insufficient service" and, furthermore, has been "avoided or defeated by the death of a party," thus bringing § 52-592 into play.

The defendant further argues that § 52-592 is not available to the plaintiffs because he voluntarily decided not to return his summons and complaint to court, which is tantamount to a withdrawal of the original action. See *Parrott* v. *Meacham*, 161 Conn. 573, 290 A.2d 335 (1971). The plaintiffs respond by claiming that they should not be required to do a useless act in order to take advantage of § 52-592; that is, return the summons and complaint to court knowing that they have not obtained jurisdiction over the defendant.

This is a close issue and both arguments have merit. Given the remedial nature of § 52-592 (a), however, the court resolves this question in favor of the plaintiffs. Here is a distinction between voluntarily withdrawing an action and deciding not to return a summons and complaint to court due to insufficiency of process.

Last, does § 52-592 require by implication that there be a judicial determination in favor of the defendant before it becomes operative? In the court's view, it does not so long as there has been some avoidance or defeat of the action for one of the reasons set forth in the statute. As the plaintiffs claimed at oral argument, the one year time limitation for commencing a new action would commence when the original action is not returned to court six days prior to the return day as required by General Statutes § 52-46a.

Interpreting § 52-592 (a) broadly, given its remedial nature, it is the opinion of the court that it applies to the factual scenario set forth in the present case. The defendant's motion for summary judgment is, therefore, denied.