## MARION DAVIS *v.* FAMILY DOLLAR STORE
### (SC 17058)

Sullivan, C. J., and Norcott, Katz, Palmer and Zarella, Js.

Argued September 23—officially released November 2, 2004

*Christopher J. Molyneaux*, with whom, on the brief, was *Norman J. Voog*, for the appellant (plaintiff).

*Leonard M. Isaac*, for the appellee (defendant).

*Opinion*

PER CURIAM. The plaintiff, Marion Davis, appeals, following our grant of certification, from the judgment of the Appellate Court affirming the judgment of the trial court, which rendered summary judgment in favor of the defendant, Family Dollar Store. The Appellate Court concluded that the plaintiff's action was time barred by General Statutes § 52-584[1] and that the accidental failure of suit statute, General Statutes § 52-592,[2] did not save the action because the defendant had not been served with process within the limitations period and § 52-592 "[did] not authorize another action to be filed or to extend any statute of limitations." *Davis* v. *Family Dollar Store*, 78 Conn. App. 235, 241, 826 A.2d 262 (2003). We granted the plaintiff's petition for certification to appeal limited to the following issue: "Did the Appellate Court properly determine that General

[1] General Statutes § 52-584 provides in relevant part: "No action to recover damages for injury to the person . . . caused by negligence, or by reckless or wanton misconduct . . . shall be brought but within two years from the date when the injury is first sustained or discovered . . . ."

[2] General Statutes § 52-592 (a) provides in relevant part: "If any action, commenced within the time limited by law, has failed . . . to be tried on its merits because of insufficient service or return of the writ due to unavoidable accident or the default or neglect of the officer to whom it was committed . . . the plaintiff . . . may commence a new action . . . for the same cause at any time within one year after the determination of the original action . . . ."

Statutes § 52-592 should not apply in cases such as the present action in which the plaintiff delivered the complaint in a timely manner to a sheriff, and, due to the sheriff's actions, default or negligence, the complaint was not served?" *Davis* v. *Family Dollar Store*, 266 Conn. 912, 832 A.2d 69 (2003).

After examining the entire record on appeal and considering the briefs and oral arguments of the parties, we have determined that the appeal in this case should be dismissed on the ground that certification was improvidently granted.

The appeal is dismissed.