# DORCAS WHITE *v.* DEPARTMENT OF CHILDREN AND FAMILIES
## (AC 32981)

Lavine, Beach and Espinosa, Js.

Argued January 20—officially released July 17, 2012

*Josephine S. Miller*, for the appellant (plaintiff).

*Antoria D. Howard*, assistant attorney general, with whom, on the brief, was *George Jepsen*, attorney general, for the appellee (defendant).

*Opinion*

ESPINOSA, J. The plaintiff, Dorcas White, appeals from the judgment of the trial court dismissing as untimely her action against the defendant, the department of children and families, alleging employment discrimination on the basis of her disability in violation of General Statutes § 46a-60 (a) (1) and retaliation in violation of § 46a-60 (a) (4). The plaintiff alleges that the court improperly determined that she could not invoke General Statutes § 52-592, the accidental failure of suit statute, to bring her otherwise untimely claims. We affirm the judgment of the trial court.

The following undisputed facts are relevant to our consideration of this appeal. The plaintiff began employment as a social worker with the defendant on June 13, 2003. On July 9, 2003, she injured her back while carrying a child as a part of her regular duties at work. On September 18, 2003, the plaintiff saw her physician, who prohibited her from lifting more than ten pounds.

With the consent of her physician, the plaintiff resumed working without restrictions on December 11,

2003. The plaintiff subsequently reinjured her back while carrying a child at work on April 28, 2004. She was placed on medical leave until June 16, 2004, when she received approval for a temporary light duty assignment. The defendant had a light duty policy that stated that light duty assignments were for a maximum of ninety days, after which the employee had to be able to resume full duties. In November, 2004, the plaintiff underwent back surgery. She returned to work on July 6, 2005, and again received a light duty assignment. On October 3, 2005, she underwent hand surgery, after which she did not return to work until November, 2005.

On January 9, 2006, the plaintiff's physician determined that the plaintiff had achieved maximum medical improvement and that her work restrictions would be permanent. The defendant notified the plaintiff that, given these permanent restrictions, she could not return to work as a social worker. After determining that there was no alternate position that the plaintiff medically was able to perform, the defendant notified the plaintiff that she was being separated from state service.

On February 13, 2004, the plaintiff filed a complaint with the commission on human rights and opportunities (commission), alleging retaliation in violation of the Workers' Compensation Act, General Statutes § 31-275 et seq., and discrimination on the basis of race and disability. The commission administratively dismissed this complaint on October 6, 2005. On April 26, 2006, the plaintiff filed an action in the Superior Court claiming (1) race discrimination in violation of the Connecticut Fair Employment Practices Act (fair employment act), General Statutes § 46a-51 et seq., and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and (2) retaliation in violation of General Statutes § 31-290a. The defendant successfully requested that the case be removed to federal court on the ground that it presented a question of federal law.

On August 15, 2007, the defendant filed a motion for summary judgment in the United States District Court for the District of Connecticut. On August 28, 2007, the plaintiff retained new counsel, and, on August 31, 2007, she filed a motion for leave to amend her complaint to include, among other claims, fair employment act claims of retaliation and discrimination on the basis of disability. The District Court denied this motion on November 30, 2007, stating that the plaintiff had not shown good cause for the amendment. *White* v. *Dept. of Children & Families*, United States District Court, Docket No. 3:06-CV-00774 (AWT) (D. Conn. November 30, 2007). On March 31, 2008, the District Court granted the defendant's motion for summary judgment. *White* v. *Dept. of Children & Families*, 544 F. Sup. 2d 112 (D. Conn. 2008). The United States Court of Appeals for the Second Circuit affirmed this decision on May 15, 2009. *White* v. *Dept. of Children & Families*, 330 Fed. Appx. 7 (2d Cir. 2009).

The plaintiff initiated the present action in the Superior Court by way of a two count complaint on September 10, 2009, alleging the same underlying facts as pleaded in the complaint in her original action filed in the Superior Court on April 26, 2006, but claiming damages as a result of discrimination on the basis of disability in violation of § 46a-60 (a) (1) and retaliation in violation of § 46a-60 (a) (4).[1] The defendant filed a

---

[1] General Statutes § 46a-60 (a) provides in relevant part: "It shall be a discriminatory practice in violation of this section: (1) For an employer, by the employer or the employer's agent, except in the case of a bona fide occupational qualification or need, to refuse to hire or employ or to bar or to discharge from employment any individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment because of the individual's race, color, religious creed, age, sex, gender identity or expression, marital status, national origin, ancestry, present or past history of mental disability, intellectual disability, learning disability or physical disability, including, but not limited to, blindness . . . [or] (4) For any person, employer, labor organization or employment agency to discharge, expel or otherwise discriminate against any person because such person has opposed any discriminatory employment practice or

motion to dismiss on November 13, 2009, asserting that the ninety day statute of limitations[2] had expired on the plaintiff's claims. The plaintiff opposed the motion, claiming that the accidental failure of suit statute, § 52-592,[3] operated to save her otherwise untimely claims. On November 30, 2009, the court granted the motion to dismiss, finding that the matter already had been tried on the merits and, accordingly, that § 52-592 did not apply. The plaintiff filed the present appeal on December 10, 2010.

The plaintiff claims that the court improperly determined that she could not invoke § 52-592 to bring her otherwise untimely disability discrimination and retaliation claims. The plaintiff posits that the plain language of § 52-592 permits her to bring additional state law claims arising from the same set of facts that constituted the cause of action for her complaint in the District Court. According to the plaintiff, as long as those claims were not tried on the merits and arose from the same cause of action as the claims dismissed in the District Court, § 52-592 allows the plaintiff to bring them in the

because such person has filed a complaint or testified or assisted in any proceeding under section 46a-82, 46a-83 or 46a-84 . . . ."

[2] General Statutes § 46a-101 (e) provides: "Any action brought by the complainant in accordance with section 46a-100 shall be brought within ninety days of the receipt of the release from the commission."

[3] General Statutes § 52-592 provides in relevant part: "(a) If any action, commenced within the time limited by law, has failed one or more times to be tried on its merits . . . because the action has been dismissed for want of jurisdiction . . . the plaintiff . . . may commence a new action, except as provided in subsection (b) of this section, for the same cause at any time within one year after the determination of the original action or after the reversal of the judgment. . . .

"(d) The provisions of this section shall apply to . . . any action between the same parties or the legal representatives of either of them for the same cause of action or subject of action brought to any court in this state, either before dismissal of the original action and its affirmance or within one year after the dismissal and affirmance, and to any action brought to the United States circuit or district court for the district of Connecticut which has been dismissed without trial upon its merits or because of lack of jurisdiction in such court. If such action is within the jurisdiction of any state court, the

Superior Court at any time within one year after the dismissal in the District Court or, if an appeal was taken, after the determination of the appeal. We reject the plaintiff's argument under § 52-592 because we conclude that her disability discrimination and retaliation claims in the present case arose from a separate and distinct cause of action that she did not bring within the time allowed by the statute of limitations.

"[T]he question of whether the court properly applied § 52-592 presents an issue of law over which our review is plenary." *Tellar* v. *Abbott Laboratories, Inc.*, 114 Conn. App. 244, 249, 969 A.2d 210 (2009). "Although § 52-592 is remedial in nature, passed to avoid hardships arising from an unbending enforcement of limitation statutes . . . it should not be construed so liberally as to render statutes of limitation virtually meaningless. . . . The important consideration is that by invoking judicial aid, a litigant gives timely notice to his adversary of a present purpose to maintain his rights before the courts." (Citations omitted; internal quotation marks omitted.) *Davis* v. *Family Dollar Store*, 78 Conn. App. 235, 240, 826 A.2d 262 (2003), appeal dismissed, 271 Conn. 655, 859 A.2d 25 (2004).

In *Daoust* v. *McWilliams*, 49 Conn. App. 715, 716 A.2d 922 (1998), this court addressed the question of whether § 52-592 operated to save only the same state law claims that were dismissed in federal court. The plaintiff in *Daoust* brought an action in the United States District Court for the District of Connecticut alleging violations of several of his rights under the federal constitution, 42 U.S.C. §§ 1983 and 1988, and the laws of Connecticut. Id., 717. The District Court granted summary judgment against the plaintiff and refused to exercise supplemental jurisdiction to decide the state law

time for bringing the action to the state court shall commence from the date of dismissal in the United States court, or, if an appeal or writ of error has been taken from the dismissal, from the final determination of the appeal or writ of error. . . ."

claims. Id., 717–18. Subsequently, the plaintiff filed an action in the Superior Court alleging, among other claims, state law claims that were not pleaded in his action in the District Court and for which the statute of limitations had run. Id., 718. The plaintiff asserted that he could bring these untimely state claims pursuant to § 52-592, but the trial court disagreed, holding that § 52-592 allowed a plaintiff to bring only those state law claims that were dismissed without prejudice in federal court. Id., 720–21.

On appeal, this court reversed the decision of the trial court, stating that "[§] 52-592 uses the words action and cause of action, and not claim, to refer to what is allowed to be brought under its provisions. . . . Even though a single group of facts may give rise to rights for several different kinds of relief, it is still a single cause of action. . . . [I]t is evident that both the initial suit filed in the federal court and the subsequent suit filed in the Superior Court constitute the same cause of action, although they may involve different claims for relief. . . . Because the plaintiff's [state law] claims . . . are part of a new action . . . for the same cause brought within one year after the determination of the original action, as required by § 52-592 (a), they are not barred by the three year statute of limitations." (Citations omitted; internal quotation marks omitted.) Id., 721–22.

We conclude that the plaintiff's cause of action for disability discrimination and retaliation under the fair employment act was not before the federal court. The plaintiff's April 26, 2006 complaint brought in the Superior Court did not allege these claims, bringing only claims of race discrimination and retaliation under the Workers' Compensation Act. After the case was removed to federal court, the District Court denied the plaintiff's motion to amend her complaint to include her disability discrimination and retaliation claims under the fair employment act. Therefore, the District Court never considered these claims on their merits.

Furthermore, we are not persuaded that these claims arise from the same cause of action as the claims that properly were before the District Court, namely, the claims of race discrimination and retaliation under the Workers' Compensation Act. Unlike in *Daoust*, the two sets of claims here do not involve the same conduct and do not arise from the same cause of action. The conduct that the plaintiff would be required to demonstrate for her disability discrimination claims would be completely distinct from the conduct she would be required to demonstrate for her race discrimination claims.[4] Accordingly, in the present case, the plaintiff is alleging a new cause of action that is separate from the cause of action that was the basis of her April 26, 2006 complaint. Because the present case involves a new cause of action, the plaintiff may not invoke § 52-592 to save any untimely claims.

Having concluded that the present case involves a new cause of action, we must determine whether the claims made in the complaint are timely. Under General Statutes § 46a-101 (e), the plaintiff had ninety days from the receipt of a release of jurisdiction from the commission to bring an action in the Superior Court. See also General Statutes § 46a-83a. Throughout the course of this litigation, there has been an ongoing dispute

---

[4] Specifically, the plaintiff would be required to establish a different discriminatory intent on the part of the defendant to maintain each set of claims. See General Statutes § 46a-60 (a) (1) (barring discrimination by employer on basis of employee's "race" or "physical disability"). For example, evidence that the defendant provided more opportunities for light duty work to similarly situated employees of a different racial background than the plaintiff, although potentially relevant to her race discrimination claims, would not assist her in making her disability discrimination claims. Each set of claims would require demonstrating different facts that could be construed as evidence of the two distinct discriminatory motives. See *Sherman* v. *Ronco*, 294 Conn. 548, 563, 985 A.2d 1042 (2010) ("[i]f . . . the new theory of liability is not supported by the original factual allegations of the earlier, timely complaint, and would require the presentation of new and different evidence, the amendment does not relate back"); *Craine* v. *Trinity College*, 259 Conn. 625, 636–38, 791 A.2d 518 (2002) (discussing plaintiff's burdens in making prima facie case of discrimination).

between the parties regarding whether the plaintiff actually received this release from the commission. Our review of the record reveals no finding of fact by any court regarding the plaintiff's receipt of the release. The plaintiff represents, however, in her reply brief to this court that the release was actually obtained prior to the District Court rendering its judgment. The District Court issued its decision on March 31, 2008. See *White* v. *Dept. of Children & Families*, supra, 544 F. Sup. 2d 112. Even if we accept the plaintiff's representation as true, the plaintiff received the release more than one year prior to initiating the present action in the Superior Court on September 10, 2009. By that time, the ninety day statute of limitations long since had expired on her claims of disability discrimination and retaliation under the fair employment act. Accordingly, her action was barred by the statute of limitations. We conclude that the court properly dismissed the complaint, even though we disagree with the reasons articulated by the court.[5]

The judgment is affirmed.

In this opinion the other judges concurred.

---

[5] We may affirm the judgment of the court on different grounds if we disagree with the grounds relied on by the court. See, e.g., *Vaillancourt* v. *Latifi*, 81 Conn. App. 541, 544 n.4, 840 A.2d 1209 (2004).