******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

KAREN DORRY, ADMINISTRATRIX (ESTATE OF
JEROME DORRY), ET AL. *v.* MITCHELL
S. GARDEN ET AL.
(SC 19191)

Rogers, C. J., and Palmer, Zarella, Eveleigh, McDonald and Robinson, Js.

*Argued April 24—officially released September 9, 2014*

*Vincent M. DeAngelo*, with whom was *Robert V. Fallarino*, pro hac vice, for the appellants (plaintiffs).

*Michael R. McPherson*, with whom, on the brief, was *Edward W. Mayer, Jr.*, for the appellee (named defendant).

*Diana M. Carlino* and *James B. Rosenblum* filed a brief for the appellees (defendant Stella Danica-Aaboe et al.).

*Lorinda S. Coon* and *Paul T. Nowosadko* filed a brief for the appellee (defendant Jeffrey R. Sanderson).

*Laura Pascale Zaino* and *Timothy J. Grady* filed a brief for the appellee (defendant Peter H. Wilson).

*Opinion*

EVELEIGH, J. In this wrongful death action, the plaintiff Karen Dorry, administratrix of the estate of Jerome Dorry (decedent),[1] appeals[2] from the judgment of the trial court dismissing the action against the defendants Mitchell S. Garden, Peter H. Wilson, Jeffrey R. Sanderson, Stella Danica-Aaboe, and Jennifer Carroll.[3] In dismissing the plaintiff's complaint, the trial court concluded that the present action had not been brought within two years of the death of the plaintiff's decedent,[4] as required by General Statutes § 52-555,[5] and that the accidental failure of suit statute, General Statutes § 52-592,[6] did not operate to save the plaintiff's action. The plaintiff claims that the trial court improperly determined that § 52-592 did not save the action. We agree with the plaintiff and, accordingly, reverse the judgment of the trial court.

The plaintiff's decedent received medical care and treatment from the defendants and, thereafter, died on August 15, 2007. Prior to August 15, 2009, the plaintiff obtained a ninety day extension of time to file suit pursuant to General Statutes § 52-190a (b), thereby extending the statute of limitations contained in § 52-555 until November 13, 2009. See footnote 4 of this opinion.

On November 9, 2009, the plaintiff sent a writ, summons and complaint to a marshal by overnight delivery and requested that the defendants be served in hand. The marshal attempted to serve the defendants on November 12, 2009, by leaving copies of the writ, summons and complaint in various professional or hospital offices. The marshal erroneously indicated on the return that each defendant was served "in hand" on that date. On April 29, 2011, the trial court dismissed the claims against the defendants for improper service.

In December, 2011, the plaintiff commenced the present action pursuant to § 52-592. The plaintiff filed the writ, summons and complaint on January 9, 2012. Thereafter, all of the defendants filed motions for summary judgment or, in the alternative, dismissal, on the basis of the two year statute of limitations contained in § 52-555. The trial court granted the defendants' motions and dismissed the action on the ground that, although the present action was commenced within one year of the dismissal of the first action, because the defendants were not properly served within the statute of limitations, the trial court was without jurisdiction to hear the case.[7] In doing so, the trial court determined that § 52-592 did not apply to save the plaintiff's action because the first action was not "commenced" for purposes of that statute. This appeal followed. Additional facts will be set forth as necessary.

As a preliminary matter, we set forth the applicable standard of review. "The standard of review for a court's

decision on a motion to dismiss [under Practice Book § 10-31 (a) (1)] is well settled. A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction. . . . [O]ur review of the court's ultimate legal conclusion and resulting [determination] of the motion to dismiss will be de novo. . . . When a . . . court decides a jurisdictional question raised by a pretrial motion to dismiss, it must consider the allegations of the complaint in their most favorable light. . . . In this regard, a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader. . . . The motion to dismiss . . . admits all facts which are well pleaded, invokes the existing record and must be decided upon that alone. . . . In undertaking this review, we are mindful of the well established notion that, in determining whether a court has subject matter jurisdiction, every presumption favoring jurisdiction should be indulged." (Citations omitted; internal quotation marks omitted.) *Dayner* v. *Archdiocese of Hartford*, 301 Conn. 759, 774, 23 A.3d 1192 (2011).

"Trial courts addressing motions to dismiss for lack of subject matter jurisdiction pursuant to § 10-31 (a) (1) may encounter different situations, depending on the status of the record in the case. As summarized by a federal court discussing motions brought pursuant to the analogous federal rule, '[l]ack of subject matter jurisdiction may be found in any one of three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts.' *Ramming* v. *United States*, 281 F.3d 158, 161 (5th Cir.2001). Different rules and procedures will apply, depending on the state of the record at the time the motion is filed.

"When a trial court decides a jurisdictional question raised by a pretrial motion to dismiss on the basis of the complaint alone, 'it must consider the allegations of the complaint in their most favorable light. . . . In this regard, a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader.' . . . *Filippi* v. *Sullivan*, [273 Conn. 1, 8, 866 A.2d 599 (2005)]; see also *Shay* v. *Rossi*, 253 Conn. 134, 140, 749 A.2d 1147 (2000), overruled in part by *Miller* v. *Egan*, 265 Conn. 301, 325, 828 A.2d 549 (2003); see, e.g., *Federal Deposit Ins. Corp.* v. *Peabody, N.E., Inc.*, [239 Conn. 93, 99–100, 680 A.2d 1321 (1996)] (deciding jurisdictional question on pleadings alone).

"In contrast, if the complaint is supplemented by undisputed facts established by affidavits submitted in support of the motion to dismiss; Practice Book § 10-31 (a); other types of undisputed evidence; see, e.g.,

*Kozlowski* v. *Commissioner of Transportation*, [274 Conn. 497, 504 n.7, 876 A.2d 1148 (2005)] (photographs and deposition testimony); *Ferreira* v. *Pringle*, 255 Conn. 330, 336, 766 A.2d 400 (2001) (lease agreement); *Shay* v. *Rossi*, supra, 253 Conn. 139 n.7 (official records of department of children and families); and/or public records of which judicial notice may be taken; *Cox* v. *Aiken*, [278 Conn. 211, 217, 897 A.2d 71 (2006)] (state employees' collective bargaining agreement); the trial court, in determining the jurisdictional issue, may consider these supplementary undisputed facts 'and need not conclusively presume the validity of the allegations of the complaint.' *Shay* v. *Rossi*, supra, 140. Rather, those allegations are 'tempered by the light shed on them by the [supplementary undisputed facts].' Id., 141; see also *Barde* v. *Board of Trustees*, 207 Conn. 59, 62, 539 A.2d 1000 (1988). If affidavits and/or other evidence submitted in support of a defendant's motion to dismiss conclusively establish that jurisdiction is lacking, and the plaintiff fails to undermine this conclusion with counteraffidavits; see Practice Book § 10-31 (b); or other evidence, the trial court may dismiss the action without further proceedings. See, e.g., *Ferreira* v. *Pringle*, supra, 344–45; *Amore* v. *Frankel*, 228 Conn. 358, 364, 367–69, 636 A.2d 786 (1994). If, however, the defendant submits either no proof to rebut the plaintiff's jurisdictional allegations; *Connecticut Hospital Assn.* v. *Pogue*, 870 F. Sup. 444, 447 (D. Conn. 1994); or only evidence that fails to call those allegations into question; *Ostow & Jacobs, Inc.* v. *Morgan-Jones, Inc.*, 189 F. Sup. 697, 698 (S.D.N.Y. 1960); the plaintiff need not supply counteraffidavits or other evidence to support the complaint, but may rest on the jurisdictional allegations therein. See id.

"Finally, where a jurisdictional determination is dependent on the resolution of a critical factual dispute, it cannot be decided on a motion to dismiss in the absence of an evidentiary hearing to establish jurisdictional facts. *Gordon* v. *H.N.S. Management Co.*, 272 Conn. 81, 92, 861 A.2d 1160 (2004) ('[w]hen issues of fact are necessary to the determination of a court's jurisdiction . . . due process requires that a trial-like hearing be held, in which an opportunity is provided to present evidence and to cross-examine adverse witnesses' . . .); *Schaghticoke Tribal Nation* v. *Harrison*, 264 Conn. 829, 833, 826 A.2d 1102 (2003) (same). Likewise, if the question of jurisdiction is intertwined with the merits of the case, a court cannot resolve the jurisdictional question without a hearing to evaluate those merits. *Lampasona* v. *Jacobs*, 209 Conn. 724, 728, 553 A.2d 175 ('[i]n some cases . . . it is necessary to examine the facts of the case to determine whether it is within a general class that the court has power to hear'), cert. denied, 492 U.S. 919, 109 S. Ct. 3244, 106 L. Ed. 2d 590 (1989). An evidentiary hearing is necessary because 'a court cannot make a critical factual [jurisdictional] finding based on memoranda and documents

submitted by the parties.' *Coughlin* v. *Waterbury*, 61 Conn. App. 310, 315, 763 A.2d 1058 (2001)." (Emphasis omitted; footnotes omitted.) *Conboy* v. *State*, 292 Conn. 642, 650–54, 974 A.2d 669 (2009).

On appeal, the plaintiff asserts that the trial court improperly determined that § 52-592 did not operate to save the present action because it had not "commenced within the time limited by law" due to improper service. Specifically, the plaintiff claims that, under *Rocco* v. *Garrison*, 268 Conn. 541, 550, 848 A.2d 352 (2004), the first action was "commenced within the time limited by law" because each of the defendants had effective notice within the statute of limitations. In response, the defendants claim that the trial court properly determined that § 52-592 did not operate to save the present action because it had not been "commenced within the time limited by law . . . ." Specifically, the defendants assert that *Rocco* does not apply to the facts of the present case. We agree with the plaintiff.[8]

The resolution of the plaintiff's claim requires us to interpret the phrase "commenced within the time limited by law" contained in § 52-592 (a). "The proper interpretation of § 52-592 (a) is a 'question of statutory construction over which our review is plenary. . . . That review is guided by well established principles of statutory interpretation . . . . As with all issues of statutory interpretation, we look first to the language of the statute.' . . . *State* v. *Ledbetter*, 263 Conn. 1, 12, 818 A.2d 1 (2003). 'In construing a statute, common sense must be used and courts must assume that a reasonable and rational result was intended.' . . . *Nickel Mine Brook Associates* v. *Joseph E. Sakal, P.C.*, 217 Conn. 361, 370–71, 585 A.2d 1210 (1991). Furthermore, '[i]t is a basic tenet of statutory construction that the legislature [does] not intend to enact meaningless provisions. . . . [I]n construing statutes, we presume that there is a purpose behind every sentence, clause, or phrase used in an act and that no part of a statute is superfluous.' . . . *Kuehl* v. *Z-Loda Systems Engineering, Inc.*, 265 Conn. 525, 536–37, 829 A.2d 818 (2003)." *Rocco* v. *Garrison*, supra, 268 Conn. 550.

Section 52-592 (a) provides in relevant part: "If any action, commenced within the time limited by law, has failed one or more times to be tried on its merits because of insufficient service or return of the writ due to unavoidable accident or the default or neglect of the officer to whom it was committed, or because the action has been dismissed for want of jurisdiction, or the action has been otherwise avoided or defeated by the death of a party or for any matter of form . . . the plaintiff . . . may commence a new action . . . for the same cause at any time within one year after the determination of the original action or after the reversal of the judgment."

In interpreting the language of § 52-592 (a), however,

we do not write on a clean slate, but are bound by our previous judicial interpretations of the language and the purpose of the statute. See *New England Road, Inc.* v. *Planning & Zoning Commission*, 308 Conn. 180, 186, 61 A.3d 505 (2013). In *Rocco* v. *Garrison*, supra, 268 Conn. 550–51, this court addressed precisely the issue presented in the present case, namely, the meaning of the phrase "commenced within the time limited by law" contained in § 52-592.

In *Rocco*, the plaintiffs initiated an action against the defendant, who was a resident of Pennsylvania, in federal court by filing a complaint with the clerk of the United States District Court for the District of Connecticut. Id., 544. The plaintiffs alleged that they suffered serious injuries and emotional distress as a result of a motor vehicle collision that took place on July 18, 1998. Id. After the plaintiffs filed their complaint, the clerk of the federal court returned the summons to the plaintiffs' counsel for service upon the defendant. Id., 545. The plaintiffs counsel then "sent to the defendant's home address by certified mail, each of the items required under rule 4 (d) (2) [of the Federal Rules of Civil Procedure], including the summons and complaint, two copies of a notice and request for waiver of formal service and an envelope with sufficient postage for return of the signed waiver." Id., 546.

The plaintiffs' counsel then received a return receipt from the United States Postal Service indicating that the items had been delivered on July 14, 2000, four days before the expiration of the two year statute of limitations. Id. The defendant did not sign and return the waiver of service form as requested. Id. Thereafter, the statute of limitations lapsed before the plaintiffs' counsel could effect formal service of process. Id. As a result, the plaintiffs' first action was dismissed. Id.

Within one year of the dismissal of the first action, the plaintiffs commenced a second action in Superior Court pursuant to the savings statute. Id. The plaintiffs served the defendant with a writ, summons and complaint as authorized under Connecticut law. Id., 546–47. The defendant moved for summary judgment, claiming that § 52-592 did not save the second action "on the ground that the plaintiffs' first action had not been commenced within the meaning of the savings statute due to a lack of proper service and that that statute, therefore, was inapplicable and could not save the plaintiffs' second action." Id., 547.

On appeal to this court, the plaintiffs in *Rocco* claimed that "their original action was commenced in a timely manner for purposes of the savings statute when the defendant received clear and unmistakable notice of that action upon delivery of the summons, complaint and related materials pursuant to rule 4 (d) (2). The defendant disagree[d], arguing that the commencement of an action under Connecticut law occurs when the

writ is served upon the defendant, and that an action is not commenced if the defendant is not served *properly*." (Emphasis in original.) Id., 547–48.

This court rejected the defendant's claim, reasoning that "[t]he defendant's interpretation of § 52-592 would render a key portion of that statute meaningless. If the savings statute requires effective commencement of the original action, and commencement requires valid service of process, as the defendant argues, then any failure of service of process would require us to conclude that no action had been commenced and that the statute does not apply. This would render superfluous one of the principal purposes of the savings statute, namely, to save those actions that have failed due to insufficient service of process. Moreover, the language of § 52-592 distinguishes between the commencement of an action and insufficient service of process by providing that the action may fail *following* its commencement because of insufficient service. To accept the view that improper or insufficient service defeats such an action would undermine the statute's clear and unambiguous meaning and preclude the filing of a second action. We therefore conclude that the term 'commenced,' as used in § 52-592 to describe an initial action that 'has failed . . . to be tried on its merits because of insufficient service'; General Statutes § 52-592 (a); cannot be construed to mean good, complete and sufficient service of process, as the defendant contends." (Emphasis altered.) *Rocco* v. *Garrison*, supra, 268 Conn. 550–51.

This court then went on to explain that "[a]lthough, in the present case, service of process in the original action was insufficient to meet the requirements of the applicable statute of limitations . . . our decision today does not offend the general purpose of statutes of limitations because we agree with the plaintiffs that the original action was 'commenced' within the meaning of the savings statute when the defendant received effective notice of that action within the time period prescribed . . . ." Id., 551. This court ultimately concluded as follows: "That the defendant failed to sign and return the waiver does not detract from the fact that the plaintiffs' original action was 'commenced,' for purposes of the savings statute, when the defendant received actual notice of the action within the time period prescribed by the statute of limitations. Thus, in our view, although the original action was not commenced in a timely manner under the applicable statute of limitations due to insufficient service of process, it nevertheless was commenced for purposes of the savings statute." Id., 552–53.

As the foregoing demonstrates, in *Rocco*, this court recognized that the phrase "commenced within the time limited by law" cannot mean effectuating proper service, and that effective notice to a defendant is sufficient. Id., 551. In the present case, it is undisputed

that the plaintiff's counsel sent the writ, summons and complaint to a marshal on November 9, 2009, by overnight delivery and requested that the marshal effect in hand service on the defendants. The evidence further demonstrates that, despite indicating on the return of service that she effected in hand service, the marshal actually left copies of the writ, summons and complaint at the business addresses of the defendants. Nevertheless, the plaintiff produced evidence demonstrating that Sanderson and Danica-Aaboe became aware of the first action and received a copy of the writ, summons and complaint on November 13, 2009, which was within the statute of limitations. Specifically, as to Sanderson, the trial court found that the marshal delivered a copy of the writ, summons and complaint to his business office and left it with the office manager. In her objection to the defendants' motions to dismiss, the plaintiff attached the deposition transcripts from Sanderson and the office manager in which they testified that the office manager left the copy of the writ, summons and complaint on Sanderson's desk on November 12, 2009, and that Sanderson saw these documents on November 13, 2009. The trial court also found that the marshal left a copy of the writ, summons and complaint for Danica-Aaboe with an employee at her place of business. In her objection to the defendants' motions to dismiss, the plaintiff attached the deposition transcript of Danica-Aaboe in which she testified that she received a copy of the writ, summons and complaint on November 13, 2009. As we explained in *Conboy* v. *State*, supra, 292 Conn. 676, "the trial court, in determining the jurisdictional issue, may consider these supplementary undisputed facts." In the present case, viewing the foregoing undisputed facts, we conclude that the first action was commenced against Sanderson and Danica-Aaboe when they had effective notice within the time period prescribed by the statute of limitations.

The defendants disagree and assert that *Rocco* must be confined to the unique facts of that case and that this court's holding in *Rocco* was based on the fact that the plaintiffs had followed the federal service rules, not that the defendant had effective notice within the statute of limitations. We disagree. As explained previously herein, in *Rocco*, this court explicitly explained that the "plaintiffs' original action was 'commenced,' for purposes of the savings statute, when the defendant received actual notice of the action within the time period prescribed by the statute of limitations." *Rocco* v. *Garrison*, supra, 268 Conn. 552. Furthermore, as this court recognized in *Rocco*, the savings statute is remedial in nature. Bearing in mind that remedial statutes "must be afforded a liberal construction in favor of those whom the legislature intended to benefit"; (internal quotation marks omitted) *Harbour Pointe, LLC* v. *Harbour Landing Condominium Assn.*, Inc., 300 Conn. 254, 283, 14 A.3d 284 (2010); we reject the defendants'

invitation to so limit the savings statute and this court's well reasoned and explicit interpretation of it in *Rocco*.

Accordingly, because Sanderson and Danica-Aaboe received effective notice within the statute of limitations, we conclude that the trial court improperly determined that the savings statute did not save the plaintiff's second action against those defendants.

Having concluded that this court's holding in *Rocco* applies to save the plaintiff's claims against Sanderson and Danica-Aaboe because they had actual notice within the statute of limitations, we must now turn to the plaintiff's claim that the savings statute should also apply to save her claims against Garden, Wilson and Carroll because they had actual notice within the thirty days that is allowed to a marshal to serve process under General Statutes § 52-593a.

Resolving the plaintiff's claim requires us to construe whether the additional thirty days for a marshal to serve process under § 52-593a is part of the "time limited by law" contained in § 52-592 (a), the savings statute. As we explained previously herein, interpreting the relationship between statutes is a "question of statutory construction over which our review is plenary. . . . That review is guided by well established principles of statutory interpretation . . . . As with all issues of statutory interpretation, we look first to the language of the statute. . . . In construing a statute, common sense must be used and courts must assume that a reasonable and rational result was intended. . . . Furthermore, [i]t is a basic tenet of statutory construction that the legislature [does] not intend to enact meaningless provisions. . . . [I]n construing statutes, we presume that there is a purpose behind every sentence, clause, or phrase used in an act and that no part of a statute is superfluous." *Rocco* v. *Garrison*, supra, 268 Conn. 550.

Furthermore, "we must, if possible, construe two statutes in a manner that gives effect to both, eschewing an interpretation that would render either ineffective. In construing two seemingly conflicting statutes, we are guided by the principle that the legislature is always presumed to have created a harmonious and consistent body of law . . . . *State* v. *Ledbetter*, [supra, 240 Conn. 336]. . . . Accordingly, [i]f two statutes appear to be in conflict but can be construed as consistent with each other, then the court should give effect to both. . . . *Wilson* v. *Cohen*, 222 Conn. 591, 598, 610 A.2d 1117 (1992); see *Hirschfeld* v. *Commission on Claims*, 172 Conn. 603, 607, 376 A.2d 71 (1977). If a court can by any fair interpretation find a reasonable field of operation for two allegedly inconsistent statutes, without destroying or preventing their evident meaning and intent, it is the duty of the court to do so. *Knights of Columbus Council* [*No. 3884*] v. *Mulcahy*, 154 Conn. 583, 590, 227 A.2d 413 (1967); *Shanley* v. *Jankura*, 144

Conn. 694, 702, 137 A.2d 536 (1957). *Windham First Taxing District* v. *Windham*, 208 Conn. 543, 553, 546 A.2d 226 (1988). Therefore, [w]e must, if possible, read the two statutes together and construe each to leave room for the meaningful operation of the other. *State* v. *West*, 192 Conn. 488, 494, 472 A.2d 775 (1984). In addition, [i]f two constructions of a statute are possible, we will adopt the one that makes the statute effective and workable . . . . *State* v. *Scott*, 256 Conn. 517, 538, 779 A.2d 702 (2001). . . . *Nizzardo* v. *State Traffic Commission*, 259 Conn. 131, 156–57, 788 A.2d 1159 (2002)." (Internal quotation marks omitted.) *Rainforest Café, Inc.*, v. *Dept. of Revenue Services*, 293 Conn. 363, 377–78, 977 A.2d 650 (2009).

As we have previously explained herein, the savings statute allows for an action to be saved if it was commenced within the time limited by law, even if improper service was made within that time, if the defendant had effective notice during that time period. Section 52-593a allows a marshal to effectuate service within thirty days of receiving the writ, summons and complaint, even if that service falls beyond the statute of limitations. The plaintiff's current claim requires us to determine whether this thirty day provision applies to claims saved by operation of the savings statute. The plaintiff claims that if a defendant receives effective notice during the thirty day period for marshals to effectuate service, the case should be considered effectively commenced for purposes of the savings statute. The defendants assert, to the contrary, that the thirty day period allowed for a marshal to effectuate service has no effect on whether a claim is saved by the savings statute. The interpretation of the statutes urged by the defendants makes the provisions of § 52-593a ineffective. To the contrary, reading these two remedial statutes together so as to give effect to both, requires us to conclude that the thirty day time period for a marshal to effectuate service must be included within the "time limited by law" for purposes of the savings statute. Therefore, if a defendant has effective notice within the thirty day period allowed for a marshal to make service of the writ, summons and complaint, the action will be considered commenced for purposes of the savings statute.

Section 52-593a (a) provides in relevant part: "[A] cause or right of action shall not be lost because of the passage of the time limited by law within which the action may be brought, if the process to be served is personally delivered to a state marshal, constable or other proper officer within such time and the process is served, as provided by law, within thirty days of the delivery."

This court has previously determined that "[§] 52-593a is a remedial provision that allows the salvage of an [action] that otherwise may be lost due to the passage of time." *Nine State Street, LLC* v. *Planning & Zoning*

*Commission*, 270 Conn. 42, 55, 850 A.2d 1032 (2004). As we explained previously herein, remedial statutes "must be afforded a liberal construction in favor of those whom the legislature intended to benefit." (Internal quotation marks omitted.) *Harbour Pointe, LLC* v. *Harbour Landing Condominium Assn., Inc.*, supra, 300 Conn. 283.

Because both the savings statute and § 52-593a are remedial provisions that must be afforded liberal constructions, we see no reason why the time period provided in § 52-593a for a marshal to make service is not implicitly included in the "time period limited by law" in the savings statute. Accordingly, we conclude that, applying the principles of *Rocco*, if a defendant has actual notice within the thirty days in § 52-593a for a marshal to make service, the savings statute would operate to save the claim.

In the present case, the trial court also found that the marshal left a copy of the writ, summons and complaint for Carroll at her business address. In her opposition to the defendants' motions to dismiss, the plaintiff attached the deposition testimony of Carroll, who testified that she received a copy of the writ, summons and complaint on November 17, 2009.

The trial court also found that the marshal left a copy of the writ, summons and complaint for Garden at his business address with an employee of another entity. In her opposition to the defendants' motions to dismiss, the plaintiff attached the deposition testimony of Garden, who testified that he received a copy of the writ, summons and complaint sometime between November 16, 2009, and November 20, 2009. Accordingly, we conclude that the undisputed facts established that Carroll and Garden received actual notice of the action within the thirty days for service by the marshal.

The trial court found that the marshal delivered a copy of the writ, summons and complaint for Wilson with a risk management employee of New Milford Hospital on November 12, 2009. In her opposition to the defendants' motions for summary judgment or in the alternative dismissal, the plaintiff attached the deposition testimony of Wilson in which he testified that the risk management employee called him and notified him that a writ, summons and complaint were delivered for him and that he received them several days later. Although Wilson was not able to testify as to the exact date he received the telephone call from the risk management employee, as we recognized in *Conboy* v. *State*, supra, 292 Conn. 677, "where a jurisdictional determination is dependent on the resolution of a critical factual dispute, it cannot be decided on a motion to dismiss in the absence of an evidentiary hearing to establish jurisdictional facts."

On the basis of the foregoing, because it is clear that

Sanderson, Danica-Aaboe, Garden, and Carroll received effective notice within the time period limited by law, including the thirty days for service by the marshal provided by § 52-593a, we conclude that the trial court improperly determined that the savings statute did not operate to save the plaintiff's second action against those four defendants. With regard to Wilson, we conclude that there is a critical factual dispute, which cannot be resolved in the absence of an evidentiary hearing. Therefore, we conclude that the trial court improperly dismissed the plaintiff's second action against Wilson.

The judgment is reversed and the case is remanded for further proceedings in accordance with this opinion.

In this opinion the other justices concurred.

[1] Karen Dorry is the surviving spouse of the decedent and brought the present action individually and in her capacity as administratrix of the decedent's estate. We hereinafter refer to Karen Dorry, in both of these capacities, as the plaintiff.

[2] The plaintiff appealed from the judgment of the trial court to the Appellate Court, and we transferred the appeal to this court pursuant to General Statutes § 51-199 (c) and Practice Book § 65-1.

[3] Although Litchfield County Orthopedic & Spine, P.C., was also named as a defendant in the present case, it is not a party to this appeal. Hereinafter, we refer to Garden, Wilson, Sanderson, Danica-Aaboe, and Carroll collectively as the defendants, and individually by name.

[4] The parties do not dispute that the plaintiff properly obtained a ninety day extension of time pursuant to General Statutes § 52-190a (b) within which to commence her action. Therefore, pursuant to the extension, the statute of limitations for the action would have expired on November 13, 2009. See footnote 5 of this opinion.

[5] General Statutes § 52-555 provides: "(a) In any action surviving to or brought by an executor or administrator for injuries resulting in death, whether instantaneous or otherwise, such executor or administrator may recover from the party legally at fault for such injuries just damages together with the cost of reasonably necessary medical, hospital and nursing services, and including funeral expenses, provided no action shall be brought to recover such damages and disbursements but within two years from the date of death, and except that no such action may be brought more than five years from the date of the act or omission complained of.

"(b) Notwithstanding the provisions of subsection (a) of this section, an action may be brought under this section at any time after the date of the act or omission complained of if the party legally at fault for such injuries resulting in death has been convicted or found not guilty by reason of mental disease or defect of a violation of section 53a-54a, 53a-54b, 53a-54c, 53a-54d, 53a-55 or 53a-55a with respect to such death."

[6] General Statutes § 52-592 provides in relevant part: "(a) If any action, commenced within the time limited by law, has failed one or more times to be tried on its merits because of insufficient service or return of the writ due to unavoidable accident or the default or neglect of the officer to whom it was committed, or because the action has been dismissed for want of jurisdiction, or the action has been otherwise avoided or defeated by the death of a party or for any matter of form . . . the plaintiff . . . may commence a new action . . . for the same cause at any time within one year after the determination of the original action or after the reversal of the judgment.

* * *

"(d) The provisions of this section shall apply to any defendant who files a cross complaint in any action, and to any action between the same parties or the legal representatives of either of them for the same cause of action or subject of action brought to any court in this state, either before dismissal of the original action and its affirmance or within one year after the dismissal and affirmance, and to any action brought to the United States circuit or district court for the district of Connecticut which has been dismissed without trial upon its merits or because of lack of jurisdiction in such court. If such action is within the jurisdiction of any state court, the time for bringing the action to the state court shall commence from the date of dismissal in the United States court, or, if an appeal or writ of error has

been taken from the dismissal, from the final determination of the appeal or writ of error. . . .”

[7] Although the defendants filed motions for summary judgment or, in the alternative, dismissal, the trial court ultimately dismissed the plaintiff's action for lack of subject matter jurisdiction. Therefore, we analyze the plaintiff's claim on appeal under the standard of review for a motion to dismiss.

[8] The defendants also assert that the trial court properly applied *Davis* v. *Family Dollar Store*, 78 Conn. App. 235, 826 A.2d 262 (2003), appeal dismissed, 271 Conn. 655, 859 A.2d 25 (2004) (per curiam). We disagree and find *Davis* inapplicable. In *Davis*, there was no claim that the defendant had effective notice of the claim against it during the time limited by law. Id., 236–38. Moreover, because this court decided *Rocco* v. *Garrison*, supra, 268 Conn. 550, after the Appellate Court's decision in *Davis*, and because the facts in *Rocco* are more similar to the facts of the present case, we conclude that *Rocco* is the appropriate framework for analyzing the plaintiff's claim in the present case.

———————————————