******************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.
******************************************

DANIEL REALE ET AL. *v.* STATE OF
RHODE ISLAND ET AL.
(AC 42044)

Keller, Elgo and Harper, Js.

*Syllabus*

The plaintiff, a Connecticut resident, brought a spoliation of evidence action
against certain Rhode Island state and town defendants in connection
with certain neglect petitions commenced against him in Rhode Island.
The defendants moved to dismiss or, in the alternative, to strike the
plaintiff's complaint. The trial court granted the defendants' motions to
dismiss for lack of personal jurisdiction. On appeal to this court, the
plaintiff claimed that the trial court erred in determining that the defen-
dants did not waive their right to seek dismissal for lack of personal
jurisdiction by concurrently moving to strike the plaintiff's complaint
as an alternative to dismissal, and that the court improperly granted
the defendants' motions to dismiss on the ground of a lack of personal
jurisdiction. *Held*:

1. The trial court properly dismissed the claims against the state defendants,
as they were barred by the doctrine of sovereign immunity; during the
pendency of the appeal, the United States Supreme Court held that
states retain their sovereign immunity from private actions brought in
the courts of other states, and, thus, under the doctrine of sovereign
immunity, the state defendants were immune from suit brought by the
plaintiff in Connecticut.

2. The trial court properly exercised its discretion to allow the town defen-
dant to file a motion to dismiss and a motion to strike simultaneously;
this court has determined previously that a trial court has discretion to
overlook the simultaneous filing of a motion to dismiss and a motion
to strike in order to consider the motion to dismiss, and this court was
bound by that opinion, as it is the policy of this court that one panel
should not overrule the ruling of a previous panel unless the appeal is
heard en banc.

3. The trial court properly granted the town's motion to dismiss for lack of
personal jurisdiction, as the town was not considered a foreign corpora-
tion within the meaning of the long-arm statute that sets forth service
of process on foreign corporations by a Connecticut resident (§ 33-929
[f]); the statutes (§§ 33-602 [18] and 33-1002 [15]) that define foreign
corporations and § 33-602 (6), which defines a corporation, do not
include towns, cities, boroughs or any municipal corporation or depart-
ment thereof within those definitions, and, thus, because the town is
not considered a foreign corporation, § 33-929 (f) did not confer personal
jurisdiction over it.

Argued May 23—officially released September 17, 2019

*Procedural History*

Action to recover damages for the spoliation of evi-
dence, and for other relief, brought to the Superior
Court in the judicial district of Windham, where the
court, *Cole-Chu, J.*, granted the defendants' motions to
dismiss and rendered judgment thereon, from which
the named plaintiff appealed to this court; thereafter,
the court, *Cole-Chu, J.*, denied the named plaintiff's
motion for articulation; subsequently, this court granted
the named plaintiff's motion for review, but denied the
relief requested therein. *Affirmed*.

*Daniel Reale*, self-represented, the appellant
(named plaintiff).

*Michael W. Field*, assistant attorney general for the

state of Rhode Island, with whom, on the brief, was *Peter F. Neronha*, attorney general for the state of Rhode Island, for the appellee (named defendant).

*Steven M. Richard*, for the appellee (defendant town of Coventry).

*Opinion*

HARPER, J. In this spoliation of evidence action, the plaintiff Daniel Reale[1] appeals from the judgment of dismissal rendered by the trial court in favor of the defendant town of Coventry, Rhode Island (town), and the state defendants, the state of Rhode Island; the Rhode Island Department of Children, Youth, and Families; Investigator Harry Lonergan; and Attorneys Brenda Baum and Diane Leyden, on the ground of a lack of personal jurisdiction.[2] On appeal, the plaintiff claims that the court erred in (1) determining that the state defendants did not waive their right to seek dismissal for lack of personal jurisdiction by concurrently moving to strike the plaintiff's complaint as an alternative to dismissal, and (2) granting the state defendants' motions to dismiss on the ground of a lack of personal jurisdiction.[3] We affirm the judgment of the court.

The following facts, as set forth in the trial court's memoranda of decision and procedural history are relevant to our resolution of this appeal. "The plaintiff is a Connecticut resident and father of two children who has joint custody with his ex-wife, who, during the pertinent time, was a resident of Rhode Island. In June, 2016, two neglect petitions were commenced against the plaintiff by the Rhode Island Department of Children, Youth, and Families arising from an allegation by a school psychologist employed by the town . . . that the plaintiff's son suffered a gunshot wound . . . ." "That incident was investigated by the Coventry, Rhode Island, Police Department, which determined that no crime, abuse or neglect had occurred."

Thereafter, the "neglect petitions terminated in favor of [the plaintiff] and his ex-wife in August, 2016, and September, 2016, respectively." "The plaintiff subsequently joined a civil action against the town, inter alia, in the United States District Court for the District of Rhode Island . . . ." In the federal action, "[the plaintiff] claim[ed] he suffered damages from [the] defendants' wilful withholding, concealment and destruction of evidence, including documents and other records, internal communications, recordings and expert opinions during and since the prosecution of the . . . petitions against him, despite notice by [the plaintiff] . . . instructing said defendants . . . to preserve and produce such evidence." The federal action subsequently was dismissed with prejudice.

"On January 3, 2018, [the plaintiff] . . . filed this action against [the state defendants] for spoliation of evidence. On February 5, 2018, the [town] moved . . . to dismiss count one of the [plaintiff's] complaint . . . or, in the alternative, to strike count one based on (1) the bar of res judicata; and (2) the claim that the legal basis for the plaintiff's claim—spoliation of evidence— does not exist under governing law, i.e., the law of

the state of Rhode Island." (Citation omitted; footnote omitted.) A day later, "the [state defendants] moved . . . to dismiss the [plaintiff's] complaint for [a] lack of personal jurisdiction or, in the alternative, to strike the complaint based on (1) the prior pending case doctrine; (2) lack of service of process; and (3) the claim that there is no cause of action for spoliation of evidence under governing law, i.e., the law of Rhode Island." (Citation omitted.)

"On February 20, 2018, the [plaintiff] filed a joint objection and memorandum of law . . . in opposition to the [state defendants'] [motions] to dismiss . . . [and] the town filed a reply brief." "On February 22, 2018, [the state defendants] filed a reply brief." On July 24, 2018, the trial court granted the state defendants' motions to dismiss for lack of personal jurisdiction, finding that the plaintiff failed (1) to allege sufficient facts to subject the town to this state's jurisdiction under General Statutes § 33-929 (f), the long-arm statute for foreign corporations, and (2) to establish that General Statutes § 52-59b, the long-arm statute for nonresident individuals, foreign partnerships and foreign voluntary associations, authorized the exercise of personal jurisdiction over the state defendants. This appeal followed.

I

As a preliminary matter, we conclude that this court need not address the merits of the plaintiff's claims against the state defendants, as they are barred by the doctrine of sovereign immunity. Sovereign immunity implicates subject matter jurisdiction and because subject matter jurisdiction concerns a "basic competency of the court, [it] can be raised . . . by the court sua sponte, at any time." *Daley* v. *Hartford*, 215 Conn. 14, 27–28, 574 A.2d 194, cert. denied, 498 U.S. 982, 111 S. Ct. 513, 112 L. Ed. 2d 525 (1990). During the pendency of this appeal, the United States Supreme Court expressly overruled *Nevada* v. *Hall*, 440 U.S. 410, 99 S. Ct. 1182, 59 L. Ed. 2d 416 (1979),[4] by holding that states retain their sovereign immunity from private suits brought in the courts of other states. *Franchise Tax Board* v. *Hyatt*, U.S. , 139 S. Ct. 1485, 1497, 203 L. Ed. 2d 768 (2019).[5] As the court explained, "[e]ach State's equal dignity and sovereignty under the Constitution implies certain constitutional limitation[s] on the sovereignty of all of its sister States. . . . One such limitation is the inability of one State to hale another into its courts without the latter's consent. The Constitution does not merely allow States to afford each other immunity as a matter of comity; it embeds interstate sovereign immunity within the constitutional design." (Citation omitted; internal quotation marks omitted.) Id. Thus, under the doctrine of sovereign immunity, the state defendants are immune from suit brought by the plaintiff in Connecticut.[6]

On the basis of the foregoing, we affirm the judgment of dismissal in regard to the plaintiff's claims against the state defendants.

## II

We next address the plaintiff's claims against the town in turn. The plaintiff first claims that the town, by filing a motion to dismiss and a motion to strike concurrently, waived its right to file the motion to dismiss on the basis of personal jurisdiction.

This court previously has held that a trial court has discretion to overlook the simultaneous filing of a motion to dismiss and a motion to strike in order to consider the motion to dismiss. *Sabino* v. *Ruffolo*, 19 Conn. App. 402, 404–405, 562 A.2d 1134 (1989). Although this court noted in *Sabino* that "generally, pleadings are not to be filed out of the order specified in [Practice Book] § 112 [now § 10-6], and the filing of a pleading listed later in the order set out by § [10-6] waives the right to be heard on a pleading that appears earlier," it ultimately concluded that the language in Practice Book § [10-7] providing, "when the [judicial authority] does not otherwise order"; (emphasis omitted); enables the trial court to exercise discretion in considering a pleading filed out of order. Id., 404. Furthermore, this court concluded that its interpretation was consistent with the Practice Book's purpose "to facilitate business and advance justice." (Internal quotation marks omitted.) Id.

It is the policy of this court "that one panel should not, on its own, [overrule] the ruling of a previous panel" unless the appeal is heard en banc. (Internal quotation marks omitted.) *State* v. *Ortiz*, 133 Conn. App. 118, 122, 33 A.3d 862 (2012), aff'd, 312 Conn. 551, 93 A.3d 1128 (2014). Because we are bound by this court's opinion in *Sabino* v. *Ruffolo*, supra, 19 Conn. App. 404–405, we conclude that the trial court properly exercised its discretion to allow the town to file a motion to dismiss and a motion to strike simultaneously.

## III

The plaintiff also claims that the court erred in granting the town's motion to dismiss on the ground of a lack of personal jurisdiction. We disagree.

"[A] challenge to the jurisdiction of the court presents a question of law over which our review is plenary. . . . When a defendant challenges personal jurisdiction in a motion to dismiss, the court must undertake a two part inquiry to determine the propriety of its exercising such jurisdiction over the defendant. The trial court must first decide whether the applicable state long-arm statute authorizes the assertion of jurisdiction over the [defendant]. If the statutory requirements [are] met, its second obligation [is] then to decide whether the exercise of jurisdiction over the [defendant] would vio-

late constitutional principles of due process." (Citation omitted; internal quotation marks omitted.) *Kenny* v. *Banks*, 289 Conn. 529, 532–33, 958 A.2d 750 (2008). "Only if we find the [long-arm] statute to be applicable do we reach the question of whether it would offend due process to assert jurisdiction." (Internal quotation marks omitted.) *Matthews* v. *SBA, Inc.*, 149 Conn. App. 513, 543, 89 A.3d 938, cert. denied, 312 Conn. 917, 94 A.3d 642 (2014).

The provision of Connecticut's long-arm statute that sets forth service of process on a foreign corporation by a Connecticut resident is § 33-929 (f), which provides: "Every *foreign corporation* shall be subject to suit in this state, by a resident of this state or by a person having a usual place of business in this state, whether or not such foreign corporation is transacting or has transacted business in this state and whether or not it is engaged exclusively in interstate or foreign commerce, on any cause of action arising as follows: (1) Out of any contract made in this state or to be performed in this state; (2) out of any business solicited in this state by mail or otherwise if the corporation has repeatedly so solicited business, whether the orders or offers relating thereto were accepted within or without the state; (3) out of the production, manufacture or distribution of goods by such corporation with the reasonable expectation that such goods are to be used or consumed in this state and are so used or consumed, regardless of how or where the goods were produced, manufactured, marketed or sold or whether or not through the medium of independent contractors or dealers; or (4) out of tortious conduct in this state, whether arising out of repeated activity or single acts, and whether arising out of misfeasance or nonfeasance." (Emphasis added.)

General Statutes § 33-602 (18) defines a "foreign corporation" as "a *corporation* incorporated under a law other than the law of this state"; (emphasis added); and General Statutes § 33-1002 (15) defines a "foreign corporation" as "any nonprofit *corporation* with or without capital stock which is not organized under the laws of this state." (Emphasis added.) Moreover, § 33-602 (6) provides that a "corporation" is defined, in part, as "a stock corporation," and § 33-1002 (8) provides that a "corporation" is "a corporation without capital stock or shares, which is not a foreign corporation, incorporated under the laws of this state . . . *but shall not include towns, cities, boroughs or any municipal corporation or department thereof*." (Emphasis added.) Neither § 33-602 nor § 33-1002 include "towns, cities, boroughs or any municipal corporation or department thereof"; General Statutes § 33-1002 (8); within their definitions of "corporation" or "foreign corporation." Thus, because the town is not considered a foreign corporation within the meaning of our General Statutes, § 33-929 (f) does not confer personal jurisdiction over the town.[7] Accordingly, we conclude that the court

properly rendered judgment dismissing the plaintiff's claim against the town for a lack of personal jurisdiction.

The judgment is affirmed.

In this opinion the other judges concurred.

[1] This action was brought by two self-represented plaintiffs: Daniel Reale and Benjamin Ligeri. Daniel Reale was the only plaintiff to appeal from the judgment of the trial court. Accordingly, we refer to Daniel Reale as the plaintiff.

[2] The defendants filed two motions to dismiss, one filed by the state defendants and one filed by the town. The trial court issued separate memoranda of decision for each motion, both of which dismissed the plaintiff's claims on the ground of a of lack personal jurisdiction.

[3] The plaintiff raises four issues in this appeal, which are whether (1) the defendants' motions to strike were fatally deficient; (2) the defendants waived personal jurisdiction; (3) two types of pleadings can be combined; and (4) the trial court erred in granting the defendants' motions and ordering dismissal. We consider the plaintiff's formation of the issues duplicative and summarize them accordingly.

[4] In *Nevada* v. *Hall*, supra, 440 U.S. 416, the United States Supreme Court held that the federal constitution did not bar private suits against a state in the courts of another state as sovereign immunity was only available if the forum state voluntarily decided to respect the dignity of another state as a matter of comity.

[5] Prior to oral argument, the state defendants filed a notice of supplemental authority pursuant to Practice Book § 67-10 citing *Franchise Tax Board v. Hyatt*, supra, 139 S. Ct. 1492, as supplemental authority supporting a dismissal on the ground of sovereign immunity. The plaintiff had an opportunity to respond to the notice and did so by stating the "[s]upplemental [a]uthority [was] irrelevant."

[6] The Rhode Island Department of Children, Youth and Families is an entity of the state of Rhode Island. Moreover, the complaint reveals that Harry Lonergan, Diane Leyden, and Brenda Baum were sued while acting in their official capacities as state employees. See *Hultman* v. *Blumenthal*, 67 Conn. App. 613, 620, 787 A.2d 666 ("[t]he doctrine of sovereign immunity protects state officials and employees from lawsuits resulting from the performance of their duty"), cert. denied, 259 Conn. 929, 793 A.2d 253 (2002). Accordingly, the plaintiff's claims are barred against all of the state defendants by the doctrine of sovereign immunity.

[7] In reaching this conclusion, we disagree with the trial court that § 33-929 (f) applies to this action. In its memorandum of decision, the trial court relied on language from *Osso* v. *Marc Automotive, Inc.*, Superior Court, judicial district of Ansonia-Milford, Docket No. CV-12-6009636-S (July 1, 2013), which states that "[t]he [g]eneral [s]tatute's definition for foreign corporation as it relates to § 33-929 is quite broad and has been applied in the past by the Superior Court to apply to foreign municipalities." No appellate court, however, has held that § 33-929 applies to foreign municipalities. Moreover, as indicated, our General Statutes have explicitly excluded "towns, cities, boroughs or any municipal corporation or department thereof"; General Statutes § 33-1002 (8); from the definition of "corporation" and, thus, "foreign corporation."

Although we recognize that the trial court concluded that § 33-929 applies to the town and that the parties did not dispute whether the town is a foreign corporation, we agree with the trial court that, in regard to the underlying issue of whether personal jurisdiction exists, § 33-929 (f) does not authorize personal jurisdiction over the town. Thus, as our case law allows, we affirm the trial court's judgment on different grounds. See *White* v. *Dept. of Children & Families*, 136 Conn. App. 759, 767 n.5, 51 A.3d 1116 ("[w]e may affirm the judgment of the court on different grounds if we disagree with the grounds relied on by the court"), cert. denied, 307 Conn. 906, 53 A.3d 221 (2012).